Argued September 13, reversed and remanded September 25, rehearing denied October 16, 1917.

## CROW v. ABRAHAM.*

(167 Pac. 590.)

**Judgment—Conclusiveness—Res Judicata.**

1.   To entitle a party successfully to invoke the plea of *res adjudicata,* the decision of a prior suit or action between the same parties must have been rendered upon the merits of the controversy.

**Judgment—"Judgment on the Merits."**

2.   The judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of facts disclosed by the pleadings, and evidence upon which the rights of recovery depend, irrespective of formal, technical, or dilatory objections or contentions.

**Judgment—Conclusiveness—Res Judicata.**

3.   When a judgment is rendered upon the merits in a former action, such determination operates as a bar against the prosecution or defense of a subsequent action, and is a finality as to the claim sued upon, concluding the parties and those in privity with them, not only as to every matter that was put forth to sustain such claim, but also as to any other admissible matter that might have been offered for that purpose.

[As to conclusiveness of judgments, see note in 15 **Am. St. Rep.** 142.]

**Words and Phrases—"Claim."**

4.   The word "claim" means a demand of something as of right made by one person upon another to perform or forbear doing some act as a matter of duty.

**Judgment—Conclusiveness—Res Judicata.**

5.   Where a claimant of land brought suit to require another claimant to convey the land to him, it was incumbent upon him if he

---

*On the question of unbroken continuity as essential element in adverse possession, see note 15 **L. R. A. (N. S.)** 1202.      REPORTER.

based his right thereon to allege facts showing adverse possession, but, having elected to claim on the ground that the other claimant held as trustee, he is estopped, in a subsequent action, to controvert the final determination on the merits, when he selected the wrong remedy.

**Adverse Possession—Continuity—Interruption.**

6. Where a party sued to compel the alleged trustee of the title to land to convey it to him, but did not set up his right by adverse possession, and judgment went against him, he could not, in a subsequent suit, set up the right to adverse possession within ten years of the first suit, since his adverse possession was interrupted by the bringing of the first suit.

**Judgment—Conclusiveness—Persons Concluded.**

7. Where the executor sued on behalf of the estate to compel the transfer of title from the alleged holder thereof as trustee, and judgment was adverse to the estate, he was not personally concluded thereby as to his claim arising from a transfer of the one-third interest to him by deceased before his death.

From Douglas: GEORGE F. SKIPWORTH, Judge.

Department 2.    Statement by MR. JUSTICE MOORE.

This is an action by Olive F. Crow as administratrix of the estate of E. J. Crow, deceased, against Albert Abraham individually and as executor of the last will and testament of Henry G. Crow, deceased, to recover money.    The complaint charges that Henry G. Crow died testate in November, 1911, and his last will having been admitted to probate the defendant was duly appointed, and is now the legally qualified executor of such testament; that at the time of his death the testator was in possession and during his lifetime was entitled to the occupancy of a tract of real property, particularly describing it, in Douglas County, Oregon, which land he held as the tenant of E. J. Crow, who was the owner thereof; that the latter died intestate in May, 1913, whereupon the plaintiff was duly appointed, and having legally qualified she is now the administratrix of his estate; that when Henry G. Crow died E. J. Crow became entitled to the possession of such real property, and upon the

death of the latter the plaintiff succeeded to his rights in the premises; that the defendant individually and as executor of such last will has been in possession of the land wrongfully, and received and converted to his own use the rents, issues, and profits thereof, which are of the reasonable value of $2,500, and upon proper demand therefor he refused to pay any part thereof.

The answer admits the death of Henry G. Crow and that the defendant is now the executor of his last will, but denies all other averments of the complaint. For a further defense it is alleged that for more than 20 years prior to 1908 Henry G. Crow had been in the open, notorious, exclusive, and adverse possession of the premises under a claim of right, when by a good and sufficient deed he conveyed to the defendant, as trustee, an undivided one third thereof, and it was agreed that such grantor should retain the rents, issues, and profits of the land until October, 1910, after which the defendant was to receive yearly the profits of the premises; that such adverse possession was continued by the defendant until October 1, 1914, when the plaintiff attempted to rent the land to his tenants, and she is now pretending to be in possession of the premises pursuant to the occupancy by such tenants, who are holding over against his will and consent. For a second defense it is alleged that in a case wherein S. Marks & Company were plaintiffs and H. G. Crow and E. J. Crow were defendants, instituted in the Circuit Court of the State of Oregon for such county and appealed to the Supreme Court, it was finally determined that H. G. Crow was not in possession of the land as the tenant of E. J. Crow, as alleged in the complaint herein, which conclusion is *res adjudicata* and binding upon the parties hereto as

the successors in interest of H. G. Crow and E. J. Crow: *Marks* v. *Crow,* 14 Or. 382, 383 (13 Pac. 55).

The reply denied the allegations of new matter in the answer and alleged that all the facts set forth in the first separate defense herein were tried and determind in a cause instituted in such Circuit Court wherein H. G. Crow, the predecessor in interest of the defendant herein, was plaintiff, and E. J. Crow, the predecessor in interest of the plaintiff herein, was defendant, which cause was finally determined in the Supreme Court: *Crow* v. *Crow,* 70 Or. 534 (139 Pac. 854). Copies of the pleadings and mandate in that suit are set forth in the reply herein, from which it appears that pending the trial H. G. Crow died testate, whereupon the defendant herein as the executor of his last will was substituted as plaintiff and the plaintiff herein as the administratrix of the estate of E. J. Crow, deceased, was put in his place as defendant. The reply further alleges that both the plaintiff and the defendant herein are bound by the final decree rendered in that suit. This action was tried without the intervention of a jury, whereupon the defendant, to support the averment of adverse possession, undertook to testify as to how long he and his grantor had occupied the land under such claim of right, but the testimony being rejected he stated what facts he would prove as tending to establish the allegations of the answer, but the offer was rejected and exceptions taken. From the evidence received findings of fact and of law were made, and based thereon judgment was rendered against the defendant individually for $283.33 and as executor in the further sum of $566.67, and he appeals.      REVERSED AND REMANDED.

For appellants there was a brief and an oral argument by *Mr. Albert Abraham.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE MOORE delivered the opinion of the court.

1, 2. It is contended that the decree of this court in *Crow* v. *Crow,* 70 Or. 534 (139 Pac. 854), was put upon the ground of the great delay of Henry G. Crow in asserting his right to the real property, which procrastination constituted laches and prevented the granting of the relief prayed for, whereupon the suit was dismissed; that such final determination was not a decision upon the merits, and hence errors were committed in rejecting the testimony offered to establish the adverse possession. To entitle a party successfully to invoke the plea of *res adjudicata* the decision of a prior suit or action between the same parties must have been rendered upon the merits of the controversy: Van Fleet's Former Ad., § 30; *Hughes* v. *Walker,* 14 Or. 481 (13 Pac. 450); *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Pruitt* v. *Muldrick,* 39 Or. 353 (65 Pac. 20); *Burnett* v. *Marrs,* 62 Or. 598 (125 Pac. 838).

"The judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of facts disclosed by the pleadings, and evidence upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions": 5 Words & Phrases, 4494.

An examination of the opinion announced in *Crow* v. *Crow,* 70 Or. 534 (139 Pac. 854), will show that all the testimony given at the trial was carefully considered on appeal in order to determine that Henry G. Crow was guilty of laches whereby his claim to equitable relief was rendered stale. That decision was

within the issues and predicated upon a review of the testimony, thereby rendering the final conclusion reached a decree upon the merits.

It is insisted that the question of Henry G. Crow's adverse possession of the real property was not involved in the former suit, and for that reason errors were committed in excluding testimony tending to substantiate such defense in this action. The complaint in that suit alleges that without an adequate consideration therefor Henry G. Crow executed a trust deed to E. J. Crow, who also obtained a sheriff's deed for all the real property here involved by consent of his brother, Henry G. Crow, who confessed a decree of foreclosure of a mortgage executed by the latter to prevent his then wife from securing alimony in a suit for divorce, which she threatened to institute. The complaint also sets forth sales and conveyances of parts of such land made by E. J. Crow whereby he was repaid more money than it is alleged he expended on behalf of Henry G. Crow. Referring to such brother the complaint contains a clause which reads:

"That the said plaintiff has always been in the exclusive possession of all the said premises described in said sheriff's deed and described in said trust deed, except the said property herein set out as having been sold under said trust and agreement since said sales, and now is in exclusive possession and has always received all the income and benefits of said land and premises and is the equitable owner thereof."

3. The prayer of the bill is for an accounting and the execution by the defendant E. J. Crow and his wife of a deed conveying to Henry G. Crow all the remaining land. The material averments of the complaint were controverted by the answer. It will thus be seen that Henry G. Crow's alleged adverse possession of the premises was not put in issue in the former suit,

That question not having been involved in that cause, does the final decree rendered by this court therein preclude such defense in this action? When a judgment is rendered upon the merits in a former action, such determination operates as a bar or estoppel against the prosecution or defense of a subsequent action, and is a finality as to the claim or demand sued upon, concluding the parties and those in privity with them not only as to every matter that was put forth to sustain such claim or demand, but also as to any other admissible matter that might have been offered for that purpose: *Cromwell* v. *County of Sac,* 94 U. S. 351, 352 (24 L. Ed. 195). In deciding that case Mr. Justice FIELD observes:

''If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the superior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been

thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

4, 5. The word "claim" means a demand of something as of right made by one person upon another to perform or forbear doing some act as a matter of duty: *Vulcan Iron Works* v. *Edwards,* 27 Or. 563 (36 Pac. 22, 39 Pac. 403). The words "claim" and "demand" are thus treated as synonymous, and applying that construction to the phrase "claim or demand" as employed by Mr. Justice FIELD in the case cited, such expression means a cause of suit or action in which some affirmative relief is asked of the court, or some facts alleged to show why a judgment or decree should not be rendered against the party relying thereon.

"The 'cause of action,' therefore," says a textwriter, "must always consist of two factors: (1) The plaintiff's primary right, and the defendant's corresponding primary duty, whatever be the subject to which they relate, person, character, property, or contract; and (2) the delict, or wrongful act or omission of the defendant, by which the primary right and duty have been violated. Every action, when analyzed, will be found to contain these two separate and distinct elements, and, in combination, they constitute the 'cause of action' ": Pomeroy's Remedies and Remedial Rights, § 519.

It will be remembered that the complaint in *Crow* v. *Crow,* 70 Or. 534 (139 Pac. 854), substantially alleged that Henry G. Crow was in the exclusive possession of the land and the equitable owner thereof, and that E. J. Crow held the legal title to the premises in trust for such brother, but refused to convey any part of the real property to him. The cause of suit, therefore, was Henry G. Crow's alleged primary right to the legal title to the realty and E. J. Crow's alleged

duty to transfer such title to the asserted equitable owner, and the wrongful act or omission of E. J. Crow to convey to his brother any part of the land whereby the primary right and duty were violated. A determination of the question as to which party had the right to hold the legal title to the land constituted the "cause of suit" which was involved in *Crow* v. *Crow, supra.* In this action that identical question is again raised as a preliminary basis, however, for determining which party is entitled to the rents, issues, and profits that have been obtained from the realty. If, instead of bringing a suit to obtain a transfer of the recorded title Henry G. Crow had in his complaint in the former suit averred facts showing that adverse possession of the premises for the statutory period of limitations had conferred upon him the title, a different conclusion might possibly have been reached by this court. Had he relied upon such title, it was incumbent upon him in the former suit to have alleged the facts constituting such right, for having an election as to the grounds of suit to be pursued he is estopped to controvert the final determination of his cause, upon the merits when he selected the wrong remedy: *Rogers* v. *Higgins,* 57 Ill. 244; *Foster* v. *Hinson,* 76 Iowa, 714 (39 N. W. 682).

6. It is maintained that the statute of limitations may possibly not have run in favor of Henry G. Crow's adverse possession of the land when the former suit was commenced, but that such possession having been continued by the defendant as the executor of his last will and testament an error was committed in excluding the testimony offered to substantiate such right. In a note to the case of *Welner* v. *Stearns,* Ann. Cas. 1914C, 1175, 1182, it is said:

"If a claimant in the adverse possession of land brings an action involving the title thereto which is

based on the existence of a right in another, it is such a recognition of that right as will arrest the running of the statute of limitations in favor of the occupant and against such right.''

The alleged adverse right of Henry G. Crow having been thus arrested by the institution of his former suit, such claim could not be continued, but a new right by adverse possession might have been inaugurated after the final determination of that suit. But however this may be, ten additional years not having elapsed from such decision until the commencement of this action no error was committed in this respect.

7. The answer in this action having alleged that Henry G. Crow obtained by adverse possession a title to the real property, and prior to the commencement of the former suit conveyed an undivided one-third interest in the land to the defendant herein, who upon the death of such testator during the pendency of that suit was substituted as executor of his last will and testament, it is contended that such substitution did not make the defendant a party in his own right so as to conclude him by the final decree rendered therein, and hence errors were committed in rejecting the defense of adverse possession as to such interest in the premises.

A general judgment against a party will be construed to affect him only in the capacity in which he was sued: 2 Van Fleet, Former Ad., § 376. In *United States* v. *California & Oregon Land Co.,* 192 U. S. 355, 357 (48 L. Ed. 476, 24 Sup. Ct. Rep. 266), it was ruled that a decree rendered upon a bill in equity to have patents for land declared void and forfeited under the act of Congress of March 2, 1889, 25 Stat. 850, and to establish the title of the United States to the land, was a bar to a subsequent bill brought against the

same defendants to recover the same land on the ground that it was excepted from the original grant as an Indian reservation. In answering counsel's contention that the United States was not estopped by the decree in the former case Mr. Justice HOLMES, speaking for a majority of the court, says:

"On the general principles of our law it is tolerably plain that the decree in the suit under the foregoing statute would be a bar. The parties, the subject-matter, and the relief sought all were the same. It is said, to be sure, that the United States now is suing in a different character from that in which it brought the former suit. There it sued for itself—here it sues on behalf of the Indians. But that is not true in any sense having legal significance. It would be true of a suit by an executor as compared with a suit by the same person on his own behalf. But that is because in theory of law the executor continues the *persona* of the testator, and, therefore, is a different person from the natural man who fills the office."

In discussing this question a text-writer remarks:

"To raise an estoppel by judgment, it is not only necessary that the party sought to be bound should have been a party to both actions, but he must have appeared in both in the same capacity. Hence a party is not bound by a former judgment when he sued or defended in the one action in his individual capacity, and in the other in the character of * * an executor * * unless * * he was made a party to the first action in both capacities, or the scope of the litigation was such that all his rights or interests, held in any of his capacities, were before the court and involved in its decision": 23 Cyc. 1243.

In the former suit herein the interests of the defendant individually were not united with his interests as executor, nor were his rights in both capacities involved in the final decree.

An error was committed in excluding the defense of adverse possession to an undivided one third of the real property, interposed by the defendant on his own behalf, and by reason thereof the judgment is reversed and the cause will be remanded for a new trial as to the defendant's rights individually.

Reversed and Remanded.    Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice McCamant and Mr. Justice Burnett concur; Mr. Justice Bean, not sitting.

