Argued by appellant and submitted on brief by respondent February 11, affirmed March 15, 1927.

# F. D. SWINGLE v. MEDFORD IRRIGATION DISTRICT.

### (253 Pac. 1051.)

**Judgment—Judgment of Voluntary Dismissal Without Prejudice Held No Bar to Further Litigation.**

1. Voluntary dismissal without prejudice, after both sides had rested, did not bar plaintiff from prosecuting new action on same claims.

**Judgment—To Bar Subsequent Action, Judgment must be on the Merits.**

2. Prior judgment, not pronounced on merits, *held* no bar to new action on same demands.

Judgments, 34 C. J., p. 775, n. 64, p. 786, n. 71, 72.

From Jackson: C. M. THOMAS, Judge.

Department 2.

The plaintiff sued the Medford Irrigation District for $2,250, with interest at 6 per cent from October 24, 1921, and recovered a judgment for $350, with costs and disbursements taxed and allowed at $92. From this judgment the defendant appeals, assigning error of the court in denying defendant's motion for a directed verdict in its favor, upon the ground that a certain judgment rendered in a former action at law was a bar to the prosecution of this action.

AFFIRMED.

For appellant there was a brief over the names of *Mr. E. E. Kelly* and *Mr. Porter J. Neff,* with an oral argument by *Mr. Kelly.*

1. See 9 R. C. L. 209.
2. See 15 R. C. L. 955.

For respondent there was a brief over the name of *Mr. G. C. McAllister.*

BROWN, J.—The defendant, in its answer, pleaded as new matter former adjudication, and, in support of its plea, offered a record showing that the former case was dismissed on motion of the plaintiff, "without prejudice." The history of the former case shows that a jury was impaneled to try the issues, counsel stated the case, and each side adduced testimony of witnesses in support of their respective allegations. After both the plaintiff and defendant had rested, the defendant submitted to the court a motion for an order directing a verdict in favor of the plaintiff in the sum of $1. The court announced its intention of allowing defendant's motion, whereupon the plaintiff moved for a voluntary nonsuit, which was granted over defendant's objection. No appeal was taken from that judgment. It was never annulled, and is yet of record; and the correctness of the court's ruling in that case is not before us for review on this appeal.

Is the judgment in the prior action at law a bar to the prosecution of this action?

1. A voluntary dismissal by the plaintiff is not a bar, and this is especially so when such dismissal is without prejudice. This is the doctrine laid down by leading text-writers. On this question, 2 Freeman on Judgments (5 ed.), Section 754, says:

"Where an order, judgment, or decree of dismissal expressly provides that it is 'without prejudice,' it is clearly not on the merits and not a bar to a subsequent suit or action on the same cause of action."

See, also, extensive list of decisions there noted.

On the same subject, 7 Standard Encyclopedia of Procedure, p. 684, thus announces the rule:

"At common law, or in the absence of statute, a dismissal, discontinuance, or nonsuit, is not a surrender of plaintiff's claim, nor does it bar a future action between the same parties relating to the same subject-matter. To bar a subsequent action the judgment must be upon the merits."

To like effect are 9 R. C. L., p. 209, § 30; 24 Am. & Eng. Ency. of Law (2 ed.), 805; *Carroll* v. *Grande Ronde Electric Co.,* 49 Or. 477 (90 Pac. 903).

2. The record in the former case discloses on its face that there was no adjudication on the merits. Therefore, the former proceeding is not a bar to the present action, notwithstanding it was a proceeding upon the same claims and demands involved in this case.

In *Crow* v. *Abraham,* 86 Or. 99 (167 Pac. 590), Mr. Justice MOORE, in discussing the question of the necessity for a former decision upon the merits as a bar, pronounced the true doctrine in language following:

"To entitle a party successfully to invoke the plea of *res adjudicata,* the decision of a prior suit or action between the same parties must have been rendered upon the merits of the controversy."

See, also, *Haney et al.* v. *Nease-Stark Co. et al.,* 109 Or. 93 (216 Pac. 757, 219 Pac. 190).

The affirmance of the judgment appealed from follows as a logical sequence.   It is so ordered.

AFFIRMED.

BURNETT, C. J., and MCBRIDE and BEAN, JJ., concur.