GRONSETH, Respondent, v. BRUBAKKEN, et al, Appellants.

(228 N. W. 189.)

(File No. 6793. Opinion filed December 17, 1929.)

*Otto L. Kaas,* of Britton, for Appellants.

*M. J. Staven,* of Britton, and *C. A. Wells,* of Webster, for Respondent.

MISER, C. This appeal is from an order appointing a receiver in an action to foreclose a real estate mortgage. The defendants Brubakken, appellants herein, are John O. and Guri, his wife, Eric, their son, and Kari, his wife. This action is the third of a series' prosecuted by respondent. From the showing. upon which the receiver was appointed, it appears that, in 1916, John O. and Guri executed and delivered their real estate mortgage to respondent's assignor. In 1926, respondent obtained a judgment of foreclosure in action No. 1 against John O. and Guri, and bid in the property at foreclosure sale. At the expiration of the year of redemption, a sheriff's deed thereon was issued to respondent.

When respondent demanded possession, Eric, not being a party to action No. 1, refused to surrender possission, claiming to be the owner in fee simple. Respondent then began action No. 2. As begun, this was an action in justice court for forcible detainer. Defendant Eric, in his answer thereto, set up title in himself, alleged that he had not been made a party to foreclosure action No. 1 and had never been given a chance to assert his title in court as against respondent, and asked to have the case certified to circuit court, and that he be given judgment against respondent. In circuit court, respondent replied, setting up his ownership of the mortgage and judgment of foreclosure thereof in action No. 1,

and asked the court to determine all issues between plaintiff and Eric and either decree that Eric had no interest in the premises and direct delivery of the possession of the premises by him to plaintiff or open the foreclosure proceedings to make Eric a party thereto, and, pending the foreclosure action, that a receiver be appointed.

Action No. 2 was tried by the Hon. W. N. Skinner, circuit judge. Judgment was entered therein adjudging that Eric was the owner in fee simple of the premises, that plaintiff, as against Eric, had no right to the possession of the premises, and denying plaintiff's application for a receiver.

Thereafter, the present action No. 3 was started against the four Brubakkens heretofore named. In this complaint plaintiff, appellant herein, alleged the execution, delivery, default, and due foreclosure by action No. 1 of the mortgage and the purchase of the mortgaged premises by appellant. Appellant also alleged Eric's refusal to surrender possession, the beginning of action No. 2, and its trial. Appellant also alleged that, in action No. 2, "the court found that the said Eric Brubakken was residing on said premises under an unrecorded deed at the time foreclosure action was commenced, and at the time of execution sale, and was not foreclosed of any rights he might have had." In his complaint in action No. 3, respondent asked that he be permitted to reopen action No. 1, that Eric and Kari be made parties defendant, that all defendants be foreclosed of any right in the premises, and that, pending foreclosure, a receiver be appointed.

On this complaint and a supplemental showing on behalf of plaintiff, the defendants setting up the judgment, decision, and pleadings in action No. 2 in resistance thereto, Hon. Robert D. Gardner granted plaintiff's motion for the appointment of a receiver pending foreclosure.

This appeal is from the order made by Judge Gardner appointing a receiver in action No. 3, which order was made only 17 days after the order made by Judge Skinner denying the application for the appointment of a receiver in action No. 2. The only question raised by the appeal—assuming the sufficiency of the assignment of error—and the only question argued, is whether the matter of the appointment of a receiver became res judicata by the order denying the application in action No. 2.

In support of their contention that the matter is res judicata, respondents quote 15 R. C. L. 975, § 450, Judgments, as follows: "Where parties have once litigated a question in a competent tribunal and been defeated, they can not thereafter litigate the same questions in another tribunal of * * * concurrent jurisdiction * * * so long as the original judgment remains unreversed, and in full and operative effect."

On the other hand, 15 R. C. L. 978, § 452, Judgments, is as follows: "As far as subsequent proceedings under a different cause of action are concerned, issues which were involved in the case, but not passed on by the court in deciding it, are not res judicata."

In Pitts v. Oliver, 13 S. D. 561, 83 N. W. 591, 594, 79 Am. St. Rep. 907, this court, after an extended discussion of the application of the rule of res judicata said: "But, when the second action between the parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to matters in issue or controverted, upon the determination of which the finding or verdict was rendered. It is not enough even that it appears that the issue presented in the latter suit was presented and ought to have been litigated in the former, but it must appear further that it was litigated and decided, as well as involved." This is substantially the language of Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, quoted by this court in Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803. See, also, 15 R. C. L. 973 for statement of the same rule, citing many cases. See, also, Fahey v. Easterly Machine Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554; Horton v. Emerson, 30 N. D. 258, 152 N. W. 529, 534, stating: "In such cases the judgment is final only as to the matters which were in fact determined in the former case and adjudicated by the judgment."

Where, under the pleadings in action No. 2, which started in justice court as an action in forcible detainer, and was certified to circuit court, wherein the answer and reply heretofore summarized were filed, the court might have determined other rights of the litigants, the fact remains that it did determine only the immediate right of possession as between respondent and Eric. Therefore, in foreclosure action No. 3, the right to have a receiver appointed was not res judicata.

Whether, under the showing made, aside from the question of res judicata, a receiver should have been appointed in action No. 3, or, if appointed, what disposition he might rightfully be authorized to make of the rents and profits, we do not determine, for the assignment does not present that question, nor does the abstract permit its determination. The order appealed from is therefore affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.