STATE OF MAINE *vs.* CHARLES MULHERN AND ERNESTINE LETEURE.

Penobscot.      Opinion, March 16, 1935.

*James D. Maxwell,*
*John T. Quinn,* attorneys for State.
*A. C. Blanchard,*
*B. W. Blanchard,* for respondents.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, Hudson, JJ.

Pattangall, C. J. On exceptions. Respondents were tried, convicted and sentenced on an indictment containing three counts, the first charging them with adultery, the second with lewd and lascivious cohabitation, and the third with open, gross lewdness and lascivious conduct.

In order to sustain either of the first two counts, it was necessary to prove the marriage of at least one of the parties to some person other than the remaining respondent. The only evidence offered on this point was the statement of the alleged husband of Leteure, who testified that he and respondent were married in Lee, Maine, on July 4 "about 1927" by some person whom he did not know and whose name he could not give. This is not sufficient.

"Positive proof of a legal marriage is required upon the trial of persons indicted for polygamy and adultery and in actions for criminal conversation." *Pratt* v. *Pierce*, 36 Me., 448.

"It is not sufficient evidence of marriage in a criminal prosecution to prove that the ceremony was performed and that cohabitation for a long period followed, without showing that the person by whom it was so performed was clothed with the requisite authority for that purpose." *State* v. *Hodgskins*, 19 Me., 155.

The rule as to proof of marriage in cases like this, as laid down originally in *Damon's Case*, 6 Me., 148, is discussed and affirmed in *Jowett* v. *Wallace*, 112 Me., 389, 92 A., 321. "There must be evidence of a marriage in fact by a person legally authorized, between parties legally competent to contract. Proof of such a marriage may be made by an official copy of the record accompanied by such evidence as will satisfy the jury of the identity of the parties or by the testimony of one who was present at the ceremony. But it is not necessary that the special or official character of the person by whom the rite was solemnized should be proved by record evidence of his ordination or appointment. If it appears that there has been a marriage in fact, either by town or parish certificates or by a witness present that saw the parties stand up and go through the usual ceremonies of marriage, directed by one who usually or

appeared usually to marry persons, the Court will presume it is a legal marriage until the contrary is proved."

These requirements not having been met, no case was presented against the respondents on the first count.

The second count is based on Sec. 5, Chap. 135, R. S. 1930, under the provisions of which proof of marriage is necessary. This count therefore also fails.

In support of the third count, evidence was offered that on one occasion respondents were apparently occupying a single apartment for the night. "Evidence of lewdness and lascivious behavior in secret will not support an indictment for open, gross lewdness and lascivious behavior." *Commonwealth* v. *Catlin*, 1 Mass., 7.

The statute supporting this count in the indictment defines the offence as "open, gross lewdness and lascivious behavior." Under a similarly worded statute, it was held in *Commonwealth* v. *Wardwell*, 128 Mass., 52, that "the word 'open' is opposed to secret."

The evidence offered did not bring the case at bar within the scope of the statute. There is nothing in the record that negatives, beyond a reasonable doubt, the proposition that these two respondents were husband and wife. If that were true, there was nothing reprehensible in their conduct. If they were unmarried, there was no proof of open, gross lewdness and lascivious behavior on their part.

Exceptions were taken to the refusal of the presiding Justice to give certain instructions to the jury, and also to his refusal to direct a verdict for the respondents. Such a verdict should have been directed.

*Exceptions sustained.*