Argued October 11, reversed December 12, 1950

HARVEY, as Administrator et al. *v.*
GETCHELL et al.
225 P. (2d) 391

*Herbert W. Lombard,* of Cottage Grove, argued the

cause for appellant. With him on the brief was Neil Brown, of Cottage Grove.

*E. O. Immel* argued the cause for respondents. On the brief were Immel & Milligan, of Eugene.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, HAY, and LATOURETTE, Justices.

HAY, J.

### ON MOTION TO DISMISS APPEAL

This suit was instituted by Worth Harvey, as administrator of the estate of L. M. Capps, deceased, and Elizabeth G. Capps, widow of said L. M. Capps, as plaintiffs, against the defendants, to quiet title to certain mining claims in Lane County, Oregon. Prior to L. M. Capps's death, he and his said wife had contracted in writing to sell such mining claims to one F. Dale Wyatt. The circuit court for Lane County, by order made and entered October 29, 1946, authorized the bringing of the suit by said administrator, at the expense of the said Wyatt. On May 5, 1947, Elizabeth G. Capps died testate, and, on March 2, 1948, said Worth Harvey, who had been appointed administrator with the will annexed of her estate, was duly substituted for her as a plaintiff herein. Plaintiff appealed from an adverse decree.

Defendants have moved to dismiss the appeal upon the ground that plaintiff is no longer authorized to act as administrator of said estates.

It appears that, on May 29, 1948, said Wyatt made to plaintiff, as administrator of the estate of L. M. Capps, deceased, an offer of compromise settlement of an unpaid balance of the purchase price under said

contract of sale. Acceptance of such offer was authorized in writing by all of the heirs of said L. M. Capps and by the legatees and distributees under the will of said Elizabeth G. Capps, deceased, and, on July 16, 1948, the court entered an order authorizing plaintiff, as administrator of the estate of said L. M. Capps, deceased, to accept such offer. Although the portions of the record before us do not so disclose, we assume, and the parties hereto apparently concede, that the offer was duly accepted and that the mining claims were duly assigned and conveyed to said Wyatt.

■ The transfer of the interest of plaintiff administrator in said mining claims during the pendency of this suit did not abate the suit, nor did it necessitate that the transferee be substituted as plaintiff herein. § 1-311, O. C. L. A.; *Burns v. Kennedy,* 49 Or. 588, 590, 90 P. 1102; *Smith v. Cram,* 113 Or. 313, 320, 230 P. 812; *Ankeny v. Lieuallen,* 169 Or. 206, 223, 113 P. 2d 1113, 127 P. 2d 735; *In re First & Farmers National Bank,* 145 Or. 150, 163, 26 P. 2d 1103; *Clatsop County v. Taylor,* 167 Or. 563, 570, 119 P. 2d 285.

■ It appears from exhibits attached to the motions that plaintiff filed his final account in the L. M. Capps estate on July 27, 1948. The account was approved by order entered September 7, 1948, but the administrator was not discharged. He filed his final account in the Elizabeth G. Capps estate on August 3, 1948. The account was approved by order entered September 14, 1948, and on October 28, 1948, the court entered an order discharging plaintiff as administrator and exonerating his bondsmen. We disagree with defendants' contention that the approval of plaintiff's final account in the L. M. Capps estate operated to discharge him as administrator. He was not formally dis-

charged, and, in such cases, the rule is that the functions of an executor or administrator do not necessarily cease on settlement and approval of his final account, but, on the contrary, he may, if occasion arises, pursue his duties further for the benefit of the estate. 33 C. J. S., Executors and Administrators, p. 1010, § 78c. We do not pass upon the question of whether or not, if the tenure of plaintiff as administrator should be terminated, his transferee would be disabled from continuing the suit in the administrator's name. It is sufficient to say that it is the administrator's duty to his transferee, under the circumstances, and therefore of benefit to the estate, that his tenure should be maintained during the pendency of the litigation.

■ No doubt plaintiff's authority as administrator c. t. a. of the estate of Elizabeth G. Capps, deceased, ceased upon his discharge, but that would appear to be immaterial at the present juncture. The mining claims were not assets of her estate. They were part of the assets of the estate of L. M. Capps. Even if plaintiff is no longer qualified as administrator of Mrs. Capps's estate, he is still administrator of the estate of L. M. Capps, and it is proper that the suit should be continued in his name as such. The motion is simply to dismiss the appeal. In our opinion, it is not well taken, and it is denied.

## On the Merits

The complaint herein sought to quiet title in the original plaintiffs to certain mining claims, as against claims of defendants. The defendants answered by general denial, and affirmatively pleaded a defense of res judicata. Such defense was based upon the alleged facts that, in a former suit by L. M. Capps and Eliza-

beth Capps (the present plaintiff's decedents) in the circuit court for Lane County, Oregon, against all of the answering defendants in the present suit or their predecessors in interest, the plaintiffs therein sought unsuccessfully to quiet title as against claims of such defendants to the same mining claims that are the subjects of the present suit.

At the hearing herein, it was stipulated that the plea of former adjudication should be first heard and determined. The defendants thereupon, to sustain their plea, introduced into evidence the clerk's official file of the former cause. No other evidence was offered or received. The court, on December 17, 1948, entered a decree sustaining the defendants' plea of former adjudication, and dismissed the suit. Plaintiff appeals from this decree.

The pleadings in the former suit put in issue allegations by the plaintiffs of an elaborate scheme of conspiracy by the defendants to acquire by fraudulent means the plaintiffs' title to the mining claims. Amongst other matters so put in issue, was an allegation that Kenneth Watkins, one of said defendants, pretending to act under authority of powers of attorney theretofore given him by said L. M. Capps and Elizabeth G. Capps, had executed a warranty deed purporting to convey certain of said mining claims to Mines Service, Inc., a corporation, one of the defendants, in consideration of one thousand shares of the capital stock of said corporation, the stock certificate having been issued in the name of the plaintiffs, L. M. Capps and Elizabeth Capps. It was alleged further that Watkins had no authority under his powers of attorney to execute such deed. The prayer of the complaint asked (a) that said warranty deed be cancelled;

(b) that plaintiffs' title to the mining claims be quieted; (c) that plaintiffs "be restored to possession of said mining claims"; (d) that an accounting be had between plaintiffs and defendants of the quantity and value of all ore and mineral products taken out of said mining claims and sold or disposed of by defendants, and that plaintiffs have judgment against defendants for such amount as might be ascertained to be due plaintiffs upon such accounting; and (e) for further equitable relief.

The court in such former suit, after a hearing, made findings of fact to the effect that, prior to January 1, 1938, and thereafter until the execution of the said warranty deed by Watkins, the plaintiff, L. M. Capps, had been the owner of said mining claims; and that said Watkins had executed said warranty deed for the consideration aforesaid. As conclusions of law, the court held: (1) that Watkins did not have the legal right or authority under said powers of attorney to execute said warranty deed, and that, because of such lack of authority, such deed was void; and (2) that, because of the invalidity of said deed, the certificate of capital stock issued in consideration thereof should be cancelled. The court made no findings upon the question of whether or not the plaintiffs were entitled to a decree quieting their title to said mining claims.

Based upon such findings of fact and conclusions of law, the court entered a decree in effect cancelling said warranty deed and said certificate of capital stock. The decree made no mention of plaintiffs' title to the mining claims.

The defendants in said suit appealed to this court, which, in due course, affirmed the decree. *Capps v.*

*Mines Service, Inc.,* 175 Or. 248, 152 P. 2d 414. The plaintiffs did not appeal.

■ A plea of res judicata, when successfully interposed, operates as a bar to further litigation between the same parties or their privies, to the extent that it was an adjudication upon the merits of the controversy. *Crow v. Abraham,* 86 Or. 99, 103, 167 P. 590; *Haney et al. v. Neace-Stark Co. et al.,* 109 Or. 93, 120, 216 P. 757, 219 P. 190; *Adams v. Perry,* 168 Or. 132, 145, 111 P. 2d 838, 119 P. 2d 581; *Swingle v. Medford Irrigation Dist.,* 121 Or. 221, 223, 253 P. 1051.

"'The judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of facts disclosed by the pleadings, and evidence upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions': 5 Words & Phrases, 4494. [27 Words & Phrases, 147]" *Crow v. Abraham,* supra, 86 Or. 99, 103, 167 P. 590.

■ Although the court found that the mining claims were owned by L. M. Capps prior to the execution and delivery of the deed by Watkins, the only matters, which were actually litigated and determined were that the deed and certificate of stock should be cancelled. Upon such matters alone was the decree in the former suit conclusive in the present one. *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195; *Stillwell v. Hill,* 87 Or. 112, 116, 169 P. 1174. The former suit was determined upon a "ground which did not go to the merits of plaintiff's claim of paramount title, [and] the decree rendered therein does not bar this suit." *Barnes v. Anderson,* 108 Or. 503, 509, 217 P. 836. See also *Burns v. Kennedy,* 49 Or. 588, 590, 90 P. 1102; *Spence v. Hull,* 75 Or. 267, 271, 146 P. 95, 98; 30 Am.

Jur., Judgments, p. 914, § 172. It would have been competent for the plaintiffs in the former suit to have united in the same complaint a cause of suit for the cancellation of the warranty deed, as constituting a cloud upon their title to the mining claims, with a cause of suit to quiet title to the mining claims. § 9-115, O. C. L. A. What they actually did was to join the two causes of suit as one cause. This was, no doubt, a misjoinder of causes, but, the defendants having made no objection thereto, such misjoinder, after a hearing upon the merits, is deemed to have been waived. *Oregon v. Portland General Electric Co.,* 52 Or. 502, 513, 95 P. 722, 98 P. 160. The causes thus misjoined were entirely separate. It is obvious that it would require different evidence to sustain them, and therefore a decree based upon one of them, as was the decree in the former suit, cannot be invoked in bar of the present suit, which is based upon the other. 1 Am. Jur., Actions, p. 482, § 92; 30 Am. Jur., Judgments, p. 918, § 174.

 It is apparent upon the face of the decree in the former suit that plaintiffs title to the mining claims was not only not quieted, but was not "actually and necessarily included therein or necessary thereto." § 2-721, O. C. L. A. There having been no final and conclusive determination in the former suit of the cause of suit upon which the present one is based, the decree therein is not conclusive of the present suit. *Ruckman v. Union Ry. Co.,* 45 Or. 578, 581, 78 P. 748, 69 L. R. A. 480; § 2-718, O. C. L. A. The present plaintiff, in his representative capacity, is entitled to seek relief in this independent proceeding upon such issue not determined in the former suit. *Masterson v. Pacific Live Stock Co.,* 144 Or. 396, 403, 24 P. 2d 1046.

██ The rule that res judicata may not be invoked in

respect of a cause of suit not determined in a former action, is equally applicable to an issue of fact raised in a former suit but not determined.

"* * * Certainty is an essential element, and unless it is shown that the judgment necessarily involved a determination of the fact sought to be concluded in the second suit, there will be no bar. Freeman on Judgments, § 691; Coke on Littleton, 352b; Campanella v. Campanella (Cal. App.) 265 P. 327." *Susi v. Davis*, 133 Me. 354, 177 A. 610, 97 A. L. R. 1222, 1225.

See also *Haney et al. v. Neace-Stark Co. et al.*, supra, 109 Or. 93, 111, 123, 125, 216 P. 757, 219 P. 190; *Nashua & L. R. Corp. v. Boston L. R. Corp.*, 164 Mass. 222, 41 N. E. 268, 49 Am. St. Rep. 454, 457; *Gronseth v. Brubakken*, 56 S. D. 230, 228 N. W. 189, 190; 30 Am. Jur., Judgments, p. 927, § 181; Id., p. 931, § 185; 4 C. J. S., Appeal and Error, p. 190, § 95.

The court in the former suit having failed to determine the issue of quieting plaintiffs' title, defendants here insist that such failure amounted to a refusal to grant the relief prayed for in that connection. They argue that such refusal was in itself a final and conclusive determination of the issue against the plaintiffs.

The trial judge in the present cause, before entering the decree appealed from, filed a memorandum opinion in which, referring to the former suit, he said, in part, as follows:

"It is noticeable that attorneys for the plaintiffs submitted Findings, Conclusions and Decree to the Circuit Court, which if they had been signed, would have quieted title in the plaintiffs. The defendants filed objections to said Findings, principally on the ground that there was not sufficient evidence to support them, and the Court, apparently agreeing

with the defendants, did not sign them, but did sign other and different Findings, which did not include findings that the title should be quieted in the plaintiffs.

"* * * That the matter was actually litigated to such an extent at least, that the plaintiffs requested findings in their favor thereon, and that the Court declined to make them, after the defendants objected that the evidence thereon was not sufficient. In other words the matter was completely heard and determined against the plaintiffs, at least by a negative finding or lack of finding for the plaintiff, after such had been submitted and requested in writing. * * *"

There may be cases in which a failure to make any finding at all upon an issue may be the equivalent of an actual negative finding thereon, but we do not think that this is such a case. It is impossible to tell from the record why the court in the former suit failed to make the finding in question or to determine the issue. He may have considered that the finding that he did make respecting the title of the plaintiff L. M. Capps to the mining claims was a sufficient finding. He may have felt that the evidence was not sufficient to justify him in making any finding upon the issue. He may have considered that the pleadings did not justify a decree quieting plaintiffs' title. As to the last point, we observe that the complaint failed to allege, either directly or inferentially, that the mining claims were "not in the actual possession of another". This is a necessary allegation in a suit to quiet title. § 9-1001, O. C. L. A. As a matter of fact, the complaint was susceptible of the construction that the mining claims were in the possession of the defendants, as it prayed that the plaintiffs should have the possession thereof restored to them. The defendants having failed to

show that the decree in the former suit actually found the issue of quieting title against the plaintiffs therein, they failed to sustain their plea of former adjudication. 30 Am. Jur., Judgments, p. 997, § 283.

But it is contended that, if the plaintiffs in the former suit were not satisfied with the decree therein, they should have appealed therefrom. It is true that it has been held (but seemingly only by one court: *Chandler v. Stockton,* 2 Tenn. Ch. App. 488) that refusal of a court to adjudicate may be the equivalent of a negative judgment or decree, so as to authorize an appeal. The general rule, however, is that such failure renders the judgment not final as to such issue, and therefore not subject to appeal thereon. *Chrislip v. Teter,* 43 W. Va. 356, 27 S. E. 288, 292; *First Nat. Bank of Mason v. Vander Stucken,* Tex. Civ. A., 37 S. W. 170; 3 C. J., Appeal and Error, p. 600, § 440; 4 C. J. S., Appeal and Error, p. 252, § 124; and p. 330, § 153.

We are of the opinion that the trial court erred in sustaining the defendants' plea of prior adjudication. The decree is reversed, with costs, and the cause is remanded for hearing on the merits.