Argued and submitted September 6, dismissed October 18, 1983

In Re: Complaint as to the Conduct of
# BERNARD K. SMITH,
*Accused.*

(SC 29583)

670 P2d 1018

Bernard K. Smith, Portland, argued the cause and filed the brief pro se.

Richard J. Polley, Portland, argued the cause and filed the brief for Oregon State Bar.

PER CURIAM

## PER CURIAM

In this attorney discipline proceeding the accused is charged with violating DR 7-110(B), which prohibits *ex parte* contact by a lawyer and provides as follows:

"(B)   In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except:

"(1)   In the course of official proceedings in the cause.

"(2)   In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(3)   Orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(4)   As otherwise authorized by law or by Section A(4) under Canon 3 of the Codes of Judicial Conduct."

The accused represented Angelina Brown (Mrs. Brown) in a dissolution of marriage suit. Mrs. Brown was awarded custody of the parties' three minor children. The decree, signed March 20, 1981, provided:

"The parties are each permanently enjoined from removing the children's residence from Oregon, from maintaining a residence for the children outside of the State of Oregon, or from cooperating, aiding, or assisting others in removing the children's residence from Oregon, or maintaining the children's residence outside of Oregon. Neither party will remove the children from Oregon for any reason without informing the other of the children's destined address and telephone number and date of return."

Mrs. Brown became dissatisfied with the attorney who represented her in the dissolution of marriage and sought the assistance of the accused. Because she was having problems with support payments and visitation there was communication between the accused and Mr. Brown's attorney which was, as the Disciplinary Review Board appropriately called, " 'heated' with respect to their respective client's rights and obligations under the Decree." Mrs. Brown had financial difficulties; she informed the accused that she could get financial assistance from her family and friends in Arizona and desired to go there taking the children with her.

On May 27, 1981, after expiration of the appeal period following entry of the Decree of Dissolution, the accused mailed to Mr. Brown's attorney a copy of an unsigned order to show cause which proposed to modify the decree to allow Mrs. Brown to move the children to Arizona.[1] On May 28, 1981, however, the accused presented to the court a modified order to show cause which contained the same language as the order sent to the opposing counsel but which was preceded by a paragraph providing:

> "IT IS HEREBY ORDERED that the respondent may temporarily move to the State of Arizona, and upon her establishment there must inform the petitioner of her current location and telephone number; * * *."

Judge Harlow Lenon added the words "not later than June 19th 1981" and signed the order. The accused mailed a copy of it to Mr. Brown's attorney the same day. Thereafter, a complaint was made to the Oregon State Bar alleging misconduct on the part of the accused and this discipline proceeding followed.

At the hearing before the Trial Board Judge Lenon testified that the *ex parte* procedure followed by the accused in May, 1981, was one authorized by the Multnomah County Circuit Court Domestic Relations Department, and that a demonstration of economic emergency would justify an *ex parte* order without notice to opposing counsel. Judge Lenon also testified that he did not consider the matter as "pending" because the time for appeal had run after the entry of the Decree of Dissolution and neither party had made application for further relief.[2]

---

[1] The entire language of the order to show cause is as follows:

> "IT IS HEREBY ORDERED that petitioner, ROBERT RAY BROWN, shall appear before the above-entitled Court in Room 210 of the Multnomah County Courthouse, Portland, Oregon, at 2:30 o'clock P.M., on the 15 day of July, 1981, to show cause, if any there be, why the Decree of Dissolution should not be modified, allowing the respondent to move to the state of Arizona with the children of the parties. Further, why the petitioner should not be held in contempt for willful and deliberate disregard of the Court's order to pay child support, to deliver the children, their clothing, toys and furniture, and the title to the 1969 Volvo."

[2] Two other Multnomah County Circuit Court judges who were assigned to the Domestic Relations Department wrote letters, which were submitted in evidence, stating the *ex parte* procedure followed by the accused in May, 1981 was authorized by the Multnomah County Circuit Court Domestic Relations Department and that they

The Trial Board found the accused not guilty because it concluded that on May 28, 1981, there was no proceeding pending and the accused's *ex parte* appearance on account of economic emergency was "authorized by law," that is, the procedure was authorized by the Multnomah County Circuit Court Domestic Relations Department, within the meaning of DR 7-110(B)(4).

The Disciplinary Review Board, recognizing there was no written procedure in Multnomah County providing for *ex parte* procedure in emergency situations, concluded the "ill-defined practice" of allowing *ex parte* appearances did not bring the accused within the exception "as otherwise authorized by law" as set forth in DR 7-110(B)(4). The Disciplinary Review Board also rejected the Trial Board's conclusion that there was no pending procedure. It reasoned that "both parties were represented by counsel, both were aware of ongoing difficulties, and the *ex parte* order and underlying pleadings were part of the same proceeding bearing the same caption and case number." The Disciplinary Review Board refused to excuse the accused on the basis of the informal practice of allowing *ex parte* orders in Multnomah County but, because he was misled, a public reprimand was recommended rather than a more severe sanction.

It is not contended here that a contact with the court to secure an order to compel another party to appear in court for the purpose of showing why the court should not modify a decree is in violation of DR 7-110(B). It is only that portion of the order that provides Mrs. Brown "may temporarily move to the State of Arizona" that is challenged as a violation of the rule.

The purpose of DR 7-110(B) "is to prevent the 'effect or * * * the appearance of granting undue advantage to one party.' " *In re Friedman,* 76 Ill 2d 392, 411, 30 Ill Dec 288, 392 NE2d 1333, 1342, (Clark, J. dissenting), quoting ABA Code of Professional Responsibility, Ethical Consideration 7-35

---

would not consider this particular procedure to be "pending." The presiding judge of the Multnomah County Circuit Court testified at the hearing to the same effect.

We note that Multnomah County Circuit Court Rule 10.15 now requires notice to opposing counsel in all *ex parte* matters. *See In re J. Robert Jordan,* 293 Or 788, 795 n 3, 652 P2d 1268 (1982).

(1970). A communication with the court becomes an impermissible *ex parte* contact when it is made to a judge "before whom the proceeding is pending" and when it concerns "the merits of the cause." DR 7-110(B).

■       ORS 107.135(1)(a) provides:

"(1)   The court has the power at any time after a * * * dissolution of marriage * * * is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a)   Set aside, alter or modify so much of the decree for the custody, support and welfare of the minor children * * *."

Under this statute, the proposed modification became a pending matter before the court when the accused, on behalf of Mrs. Brown, initiated the proceeding with the show cause order. The paragraph in question was therefore presented to the court during a pending proceeding. The question then becomes whether the *ex parte* communication was on "the merits of the cause."

■       We have had little opportunity to consider what constitutes "the merits of the cause" in this context. In *In re Burrows,* 291 Or 135, 629 P2d 820 (1981) the Bar argued that the words refer to the content of the communication by counsel to the judge and not to a phase of the proceedings. We accept that. But it is necessary to look to the content of the communication to determine if the evils of *ex parte* contact, improperly influencing and inaccurately informing the judge, *In re Burrows,* 291 Or at 144, have occurred.[3] The merits of a proceeding have to do with the legal rights and duties of the parties as they are disclosed by the pleadings and evidence. *See Crow v. Abraham,* 86 Or 99, 167 P 590 (1917) and *Haney v. Neace-Stark Co.,* 109 Or 93, 216 P 757, 219 P 190 (1923) defining judgments "on the merits." The crucial question is whether an *ex parte* contact affects any legal right or duty of the parties. In analyzing the content of the provision in question in this case we conclude it did not.

■       We find that the disputed paragraph was not a communication concerning "the merits of the cause." The

---

[3] *See In re Bell,* 294 Or 202, 210, 655 P2d 569 (1982) for comment on the use of *ex parte* contacts.

Disciplinary Review Board characterized the paragraph as a "modification" of the decree. Any such modification would certainly involve the merits of Mrs. Brown's cause. However, as we read the decree, temporary out of state visitation is contemplated therein and is permitted so long as the visiting party complies with the decree's notification requirements. There is no requirement in the decree that a court order be obtained before an out of state visit.

The language allowing Mrs. Brown "temporarily [to] move to the State of Arizona" did not modify any provisions of the decree. The decree contains language prohibiting the parties from "maintaining a residence" for the children outside Oregon. It also provides that if a party removes the children from Oregon "for any reason" the other party must be informed of the children's destiny, address, telephone number and date of return. We interpret these provisions to allow a party to visit in another state with the children but to prohibit either party from establishing a residence for the children in another state. In effect the provision in the order to show cause allowed Mrs. Brown no more than she was already permitted by the decree. Furthermore, this second order could have no effect on the pending modification proceeding. As with the first show cause order Mrs. Brown remained unable to move her children permanently to another state until after the show cause hearing and a modification of the decree in her favor. The provision in question simply did not affect a legal right or duty of either party to the modification, thus it did not concern "the merits of the cause."

For these reasons we find the accused not guilty and order the complaint filed against him by the Oregon State Bar be dismissed.

Costs awarded to the accused.