Argued and submitted March 11, decision of Court of Appeals affirmed; judgment of circuit court affirmed in part and reversed in part, and case remanded to circuit court for further proceedings November 18, 2005

Stefan D. BLOOMFIELD,
Molly M. Bloomfield;
Ruth H. Bloomfield and Richard Andrew Bloomfield,
trustees of the
William M. and Ruth H. Bloomfield Trust U/A
dated July 9, 1980;
Milosh Popovich,
trustee of the Milosh Popovich Trust
dated January 29, 1991;
J. Michael Schwab; Steven W. Brookshire;
Robert M. Cortright; Joseph S. Cortright;
Cascadia Investment Co., LLC.
an Oregon limited liability company;
Lin L. Craft,
trustee of the Lin L. Craft Trust
dated December 23, 1998;
Bruce G. Blain; Patricia A. Blain; Janet Yarbrough;
Dokay, LLC,
an Oregon limited liability company;
Bloomfield Associates,
a California limited partnership;
Gary J. Jones; Sarah D. Wright;
Kathleen L. Buchner, fka Kathleen Weswig;
and Robert Dean Jones and Hilda M. Jones,
as trustees of the Hilda M. Jones Trust,
*Respondents on Review,*

*v.*

Jean Marie WEAKLAND,
*Petitioner on Review.*

Sarah K. CHARTZ
and Brian D. Tooley,
*Respondents on Review,*

*v.*

Jean Marie WEAKLAND,
*Petitioner on Review.*

Jan Marie WEAKLAND
and Margaret Anne Patricia Montgomery,
*Third-Party Plaintiffs,*

*v.*

Corinne LABARRE;
Valerie L. Tadda; Linda L. Craft; Kay Nelson;
Marilyn J. Thompson; Lawrence K. LaBarre,
*Third-Party Defendants.*

(CC 003480, 003497; CA A119891; SC S51768)

123 P3d 275

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner on review.

Thomas L. Gallagher, Corvallis, argued the cause and filed the brief for respondents on review.

GILLETTE, J.

## GILLETTE, J.

The issue in this dispute involves alleged easements appurtenant to certain subdivision lots. Plaintiffs each claim that he or she has a right to such an easement, and they brought the present action against defendant for declaratory judgment and injunctive relief to establish that right. Defendant asserts that plaintiffs are barred from receiving the relief that they seek on the ground of claim preclusion. The trial court concluded that plaintiffs' claims were not barred and granted plaintiffs' motion for summary judgment on the underlying merits of the case (that is, respecting the existence of the easements). The Court of Appeals affirmed the ruling of the trial court concerning claim preclusion, but reversed the trial court's award of summary judgment to plaintiffs on the merits and remanded the case to the trial court. *Bloomfield v. Weakland*, 193 Or App 784, 92 P3d 749 (2004). Defendant sought review in this court only as to the claim preclusion issue. We allowed review and now affirm the decision of the Court of Appeals, albeit on a different rationale.

The facts pertinent to the claim preclusion issue are not in dispute. Since 1972, defendant has owned a parcel of oceanfront property, Lot 14, in Sea Woods Park, a subdivision in Waldport. There is a 10-foot-wide walkway from a road to the beach along the southwestern edge of defendant's property. That walkway is described on the Sea Woods Park subdivision plat, recorded in 1957, as a "private walkway." From the time that she bought Lot 14 until about 1991, defendant permitted owners of other lots in the subdivision to use the walkway for access to the beach. However, in 1991, a stairway that was located on the walkway partly washed away and, from that time on, defendant has refused to permit anyone other than the owners of Lots 5 and 6—the lots immediately to the south of Lot 14—to use the walkway.

In 1993, the owners of other lots in the Sea Woods Park subdivision formed Sea Woods Park, Inc. (SWPI), a nonprofit corporation, for the purpose of bringing legal action to secure a right for all lot owners in the subdivision to use the walkway on defendant's property for access to the beach. In

1994, SWPI brought a declaratory judgment and injunction action in Lincoln County Circuit Court against defendant for that purpose. The complaint alleged that certain acts of the common grantors of the Sea Woods Park subdivision lots—specifically, in first recording a plat in 1957 that showed a "private walkway" and then in conveying deeds that referred to that plat—constituted a private dedication and grant of easements over the private walkway on Lot 14. Alternatively, the complaint alleged that the members of SWPI had a prescriptive easement over the walkway by virtue of their continuous, open, notorious, and hostile use of the walkway for a period in excess of ten years. SWPI also sought to enjoin defendant from interfering with its members' use of the walkway.

Defendant moved for summary judgment on the ground that SWPI did not have standing to bring the action. The trial court agreed that SWPI was not a real party in interest because it did not have an ownership interest in any property in the subdivision. The court therefore granted defendant's motion. However, the court gave leave for the real parties in interest, the other property owners in the Sea Woods Park subdivision, to join the litigation.

Only Lin Craft, the owner of Lot 5, chose to accept the trial court's invitation and join the 1994 litigation as a plaintiff.[1] Craft filed a complaint that was identical in all material respects to the complaint that SWPI had filed earlier. That is, Craft alleged that she had an easement that entitled her to use the walkway across Lot 14, which arose out of a private dedication when the plat was recorded in 1957, or, alternatively, arose by prescription. By way of relief, Craft sought not only the right to use the walkway herself but also the right to assign that use to the other property owners in the Sea Woods Park subdivision. Although none of the other members of SWPI personally joined the litigation, SWPI and its members supported Craft throughout the litigation by paying her legal fees, tracking the progress of the

[1] Craft also owns several other lots in Sea Woods Park, Inc., including part of Lot 6, which, as noted, is located immediately to the south of defendant's Lot 14. However, in her 1994 complaint, Craft sought relief solely in her capacity as owner of Lot 5 of the Sea Woods Park subdivision.

action, and actively participating in litigation strategy and settlement decisions.

Ultimately, the trial court ruled in Craft's favor, but on a very narrow ground. Specifically, the court held that Craft had an easement appurtenant to Lot 5 by virtue of express wording in the deed conveying that property and Lot 6 to Craft's parents, Craft's predecessors in interest. That 1955 deed described the property that now is known as Lots 5 and 6 by metes and bounds, and included the following: "Also an easement for ingress and egress over and across a 10-foot strip of land adjoining and adjacent to the north of the above described premises." Having reached that conclusion, the court observed that it did not need to decide whether Craft or anyone else had a right to use the walkway by virtue of the designation on the plat of the ten-foot strip at the southwesterly edge of Lot 14 as a "private walkway." For the same reason, the court declined to make any findings pertaining to the existence of an easement by prescription. Finally, the court held that Craft's express easement ran in favor of Lots 5 and 6 and benefitted other members of the subdivision only to the extent that they were the owners of or guests of the owners of Lots 5 and 6. The court ruled that Craft could not assign her right to use the easement to others in the subdivision unless she also assigned to such persons her interest in the property to which that easement was appurtenant. Finally, the court enjoined defendant from interfering with Craft's use of the easement. Defendant appealed those rulings, and the Court of Appeals affirmed without opinion. *Craft v. Weakland*, 145 Or App 482, 928 P2d 366 (1996).

In 2000, plaintiffs filed the complaint in the present case. Plaintiffs include most of the present owners of lots in the Sea Woods Park subdivision, several of whom were members of SWPI when the earlier complaints were filed.[2] Among the plaintiffs is Craft, the plaintiff in the 1994 action.[3]

---

[2] Other plaintiffs in this action are the successors in interest to individuals who were members of SWPI when the earlier complaints were filed. Two of the present plaintiffs, owners of Lot 4, did not own that property in 1993 and filed a separate action. Both actions were consolidated in the trial court.

[3] In this case, Craft, in her capacity as trustee of the "Lin L. Craft Trust," created in 1998, seeks a declaration of easements appurtenant to the other lots that she owns in the Sea Woods Park subdivision.

Both sides moved for summary judgment. Plaintiffs sought summary judgment on the merits, arguing that the undisputed facts established the existence of implied easements to use the walkway appurtenant to each of their lots. Defendant based her motion on a contention that all the plaintiffs in the present case are barred from prosecuting an action for an easement against her under the doctrine of claim preclusion. The trial court denied defendant's motion for summary judgment and entered a judgment and decree granting declaratory relief to plaintiffs. The court ruled that each plaintiff has a perpetual easement by implication for ingress and egress to the Pacific Ocean arising out of the reference to the private walkway on the Sea Woods Park subdivision plat. The court further enjoined defendant from interfering with plaintiffs' use of the easements.

As noted, defendant appealed to the Court of Appeals. That court affirmed the trial court's ruling on defendant's summary judgment motion, concluding that plaintiffs in the instant case were not barred by the doctrine of claim preclusion from bringing the present action against defendant. However, the Court of Appeals agreed with defendant that there were genuine issues of material fact that the court could not resolve on summary judgment with respect to, among other things, the existence of implied easements in favor of the owners of lots (other than Lots 5 and 6) in the Sea Woods Park subdivision. Accordingly, it reversed the judgment of the trial court in favor of plaintiffs and remanded the case to the trial court for further proceedings. *Bloomfield*, 193 Or App at 798-99.

The only issue before this court is whether the doctrine of claim preclusion prevents plaintiffs from bringing the present action. The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent. As this court stated in *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982),

"a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another

action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

*See also Drews v. EBI Companies,* 310 Or 134, 140-41, 795 P2d 531 (1990) (to same effect). The rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance. *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 194, 531 P2d 266 (1975). Accordingly, the doctrine of claim preclusion bars plaintiffs' claims in the present action if those claims are parts of the *same claim* that Craft litigated in the 1994 action.

■      This court also has held that a person who was not a party to an earlier action but who was in "privity" with a party to that earlier action also can be barred on claim preclusion grounds from bringing a second action. *See Kelley v. Mallory,* 202 Or 690, 705, 277 P2d 767 (1954) (so stating); *see also Crow v. Abraham,* 86 Or 99, 105, 167 P 590 (1917) (to same effect). An inherent limitation on using the concept of privity in such circumstances, however, is a concern about the fairness of binding a person to a judgment rendered in an earlier case in which he or she was not a party. As this court stated in *Wolff v. Du Puis,* 233 Or 317, 321, 378 P2d 707 (1963), privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include the other within the res judicata." And that relationship is "close enough" for purposes of preventing the third party from pursuing claims in a second trial "only when it is realistic to say that the third party was fully protected in the first trial."[4] *Id.* at 322. Thus, even if the present plaintiffs can be said to have been in privity with Craft in the earlier litigation, claim preclusion will not operate to bar their claims in the present action unless it is fundamentally fair to do so.[5]

---

[4] Although *Wolff* involved issue preclusion (rather than claim preclusion), we perceive no basis for a different rule respecting claim preclusion, particularly given the more drastic consequence to a party faced with application of the claim preclusion doctrine.

[5] The parties make no separate argument concerning whether the doctrine of claim preclusion would bar Craft, as a plaintiff in both the 1994 litigation and in

With the foregoing general considerations in mind, we turn to the present case. On review, defendant continues to press her argument that both the 1994 Craft litigation and the present action present the same claim. As defendant puts it, both Craft and the present plaintiffs claim a right to the same implied easement, both Craft and the present plaintiffs filed an action to have that easement recognized by the court, both Craft and the present plaintiffs used the same facts and legal reasoning to support their claims, and the present plaintiffs controlled the earlier litigation, with both Craft and the present plaintiffs treating Craft as pursuing the 1994 litigation on behalf of the entire group. The Court of Appeals agreed with defendant that the claims raised in both cases were the same because "the underlying factual bases for the claim in the earlier proceeding were the same as those involved in the current claim." *Bloomfield*, 193 Or App at 793.

However, the Court of Appeals nonetheless ruled that claim preclusion does not operate to bar plaintiffs' claims because plaintiffs were not in privity with Craft in the earlier litigation. *Id.* at 793-95. In reaching that conclusion, the court first held that, as a matter of law, control over litigation is a basis for privity only in the context of issue preclusion and not in the context of claim preclusion;[6] accordingly, the court held, the fact that the present plaintiffs controlled the earlier litigation does not establish privity in this case.

the instant case, from pursuing *her* claims in this proceeding even if the other plaintiffs in this proceeding are not so barred. We therefore do not address that question.

[6] In support of that proposition, the Court of Appeals relied on its own earlier decision in *Ditton v. Bowerman*, 117 Or App 483, 487, 844 P2d 919 (1992), *rev den*, 316 Or 527 (1993), which, in turn, relied on the *Restatement (Second) of Judgments* § 39 (1982). The *Restatement* explains that a person who controls litigation on behalf of another person is bound only by the determination of *issues actually litigated* in the first action. That sort of bar is known as issue preclusion. The commentary explains that that rule "applies to issue preclusion, and not to claim preclusion, because the person controlling the litigation, as a non-party, is by definition asserting or defending a claim other than one he himself may have." *Restatement (Second) of Judgments* § 39 comment b.

We note in passing that this court held to the contrary in *Carter v. LaDee Logging Co.*, 142 Or 439, 455-56, 18 P2d 234 (1933) (persons not nominal parties to litigation may so connect themselves through active participation and control of litigation that the result of the litigation is conclusive against them to same extent as if they were nominal party to action).

Second, the Court of Appeals held that Craft did not adequately represent the interests of the other plaintiffs in the earlier litigation because the source of the easement appurtenant to Lot 5 was the express grant in Craft's parents' deed, whereas the other plaintiffs' claims depended on the existence of an implied easement arising out of the subdivision plat. *Id.*

Defendant challenges the Court of Appeals' application of the concept of privity, but we are of the view that we need not discuss that concept further because we conclude that the Court of Appeals erred in holding that plaintiffs' present claim is the same one that Craft pursued in the 1994 litigation.

As this court observed in *Peterson v. Temple*, 323 Or 322, 330, 918 P2d 413 (1996), no statute defines the term "claim" for purposes of applying the rule against splitting a claim, but this court consistently has applied a broad definition of that term for that purpose. For example, in *Troutman v. Erlandson*, 287 Or 187, 201, 598 P2d 1211 (1979), this court stated that, "[f]or res judicata purposes, a 'claim' or 'cause of action' * * * [means] a group of facts which entitled plaintiff to relief." In addition, as discussed above, in *Rennie*, this court stated that claim preclusion applies with respect to all or part of the transaction, or connected series of transactions, out of which the first action or proceeding arose, where the claim in the second action seeks a remedy in addition or as an alternative to the one sought earlier and the claim is of such a nature that it could have been joined in the first action. 294 Or at 323.

The Court of Appeals viewed the conveyances in the 1950s of deeds to lots in the Sea Woods Park subdivision as a connected series of transactions. The court then concluded, based on that view of the facts, that the claims of the present plaintiffs in this litigation are the same as the claim Craft asserted in the 1994 action. However, that analysis overlooks the fact that that "connected series of transactions" did not entitle Craft *herself* to more relief than she actually obtained in the 1994 case.[7] Craft had no legally cognizable interest in

---

[7] Again, we emphasize that the parties do not argue, and we do not decide, whether claim preclusion bars Craft *herself* from participating in the instant case,

any lot in the Sea Woods Park subdivision that she did not own. Accordingly, in the 1994 action, Craft was no more entitled than was SWPI to bring implied easement claims on behalf of the nonparty owners of lots in the Sea Woods Park subdivision. It follows that the trial court in the 1994 action lacked authority to award Craft easements appurtenant to lots that she did not own.[8] That is, the only relief that the trial court *could* have granted to Craft on her claim in the 1994 litigation was an easement appurtenant to the lot that *she* in fact owned. The claims of other lot owners for easements appurtenant to *their* lots were—and remain—separate from Craft's claim; Craft never had the ability to protect the interests of the present plaintiffs during the earlier action.[9] It follows that the present action does not involve a single claim that plaintiffs split improperly, and the doctrine of claim preclusion does not bar it.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

---

in light of the fact that, at the time of the earlier litigation, Craft owned all the lots for which she now seeks easements.

[8] Moreover, that earlier action was one for declaratory judgment. ORS 28.110 requires joinder in such cases of all persons who have any claim or interest that might be affected by the declaration and provides that "no declaration shall prejudice the rights of persons not parties to the proceeding." It may be that any of the parties to the 1994 litigation—Craft or defendant—properly could have impleaded these plaintiffs (or their predecessors in interest) in that earlier litigation, but none did so. And, because they were not parties, plaintiffs cannot suffer prejudice from the declaratory ruling that the trial judge entered in that case.

[9] As noted above, defendant argued that the plaintiffs' claims in the two cases were identical because all the plaintiffs were seeking "the same implied easement" to use defendant's walkway. However, as is evident from the text above, the easements at issue in this case, if they exist at all, are appurtenant to and run with the lots themselves; they do not represent a right that belongs to a particular individual. Thus, the fact that one lot includes an easement to use defendant's walkway does not necessarily mean that any other lot includes a similar easement.