Argued and submitted March 5, affirmed December 19, 2012

## In the Matter of the Marriage of
### Gregory Thomas EWALD,
*Petitioner-Appellant,*
*and*
### Judith Ellen EWALD,
*Respondent-Respondent.*
### Jackson County Circuit Court
073222D2; A146609

294 P3d 511

George W. Kelly argued the cause and filed the briefs for appellant.

Patrick T. Foran argued the cause for respondent. With him on the brief were James S. Crane and Landye Bennett Blumstein LLP.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

In this dissolution case, the trial court granted wife's motion to set aside the parties' dissolution judgment pursuant to ORCP 71 B(1)(d)[1] on the ground that the court lacked subject matter jurisdiction and the dissolution judgment was thus void. Husband appeals the resulting order vacating the general judgment and dismissing the case, raising two assignments of error. In his first assignment, he argues that wife's motion was barred by claim preclusion and that the trial court erred in concluding otherwise. In his second, he contends that, even if claim preclusion did not preclude wife's motion, it nonetheless fails on the merits because the evidence demonstrates that wife was domiciled in Oregon for more than the requisite six months preceding the filing of the dissolution petition, as required under ORS 107.075(2).[2] Complicating matters, on April 19, 2011, several months after the trial court vacated the Oregon dissolution judgment, wife filed for divorce in Alaska Superior Court and, on August 31, 2012, that court entered a judgment dissolving the parties' marriage. As explained below, we conclude, first, that husband's appeal is not rendered moot by reason of the Alaska court judgment and, second, that the trial court correctly ruled that wife's ORCP 71 B(1)(d) motion was not barred by claim preclusion. We reject husband's second assignment of error without discussion. Accordingly, we affirm the order of the trial court vacating the Oregon dissolution judgment and dismissing the case.

---

[1] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons:

"* * * * *

"(d) the judgment is void[.]"

[2] ORS 107.075(2) provides:

"When the marriage was not solemnized in this state or when any ground other than set forth in ORS 106.020 or 107.015 is alleged, at least one party must be a resident of or be domiciled in this state at the time the suit is commenced and continuously for a period of six months prior thereto."

Subsection (4) of the statute provides that "[r]esidence or domicile under subsection (2) or (3) of this section is sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or where the cause of suit arose." ORS 107.075(4).

For purposes of our analysis, the relevant facts are primarily procedural and are undisputed. On August 10, 2007, husband filed a petition in Jackson County Circuit Court for dissolution of the parties' marriage.[3] The petition alleged that "[wife] has been [domiciled in] Oregon for more than six continuous months immediately prior to the filing of this petition." In a certificate of residency, husband certified that "one or both parties are current[ly] domicile[d] in the county in which the petition is being filed." In May 2008, wife, appearing *pro se*, filed a response, asserting, as a "counterclaim," that she had *not* been domiciled in Oregon for more than six continuous months immediately before the filing of the petition, and a motion to dismiss the case for the reason that "[n]either [husband] nor [wife] has been [domiciled in] Oregon for more than six continuous months immediately prior to the filing of this petition. The Petitioner resides and works full time in the State of Alaska."[4] The trial court ultimately ordered both documents stricken from the record for failure to comply with UTCR 2.010(7).[5] However, it also required husband to "establish jurisdiction" in Oregon.

In response to that order, husband filed an affidavit of residency on June 12, 2008, asserting, *inter alia*, that, although he was "going back and forth between Alaska and Oregon" working "on the slope," he and wife lived in Ashland,

---

[3] The parties were married in 1991 in Alaska and have three children together. At the time husband filed his petition, two of the children were residing with wife and the oldest, who was then seventeen, lived by himself in Ashland, Oregon. Husband and wife resided in Alaska during part of the marriage; they dispute whether either party was ever a resident of Oregon. Wife also claims to have resided in Texas.

[4] Wife also asserted, as a second reason supporting her motion to dismiss the case, that "[a] child support action already exists in the State of Alaska (8/08) and is presently being enforced." An affidavit filed by husband on February 19, 2008, included a document indicating that the Alaska Department of Revenue Child Support Services Division had issued an "Administrative Child Support and Medical Support Order," dated December 21, 2007.

[5] Pursuant to that rule,

"[a]ll documents must include the author's name, address, telephone number, fax number, if any, and, if prepared by an attorney, the name, email address, and the Bar number of the author and the trial attorney assigned to try the case. Any document not bearing the name and Bar number of an attorney as the author or preparer of the document must bear or be accompanied by a certificate in substantially the form as set out in Form 2.010.7 in the UTCR Appendix of Forms."

Oregon, during 2006 and 2007; their children were enrolled in Ashland schools during the 2006-07 academic year; and, in June 2007, wife made plans to travel from Ashland to Alaska to bring some belongings back to Oregon. Thus, husband declared, wife "certainly was a resident of Oregon from February, 2007, through August, 2007, the six months immediately preceding the filing of the petition." Husband also moved for a default judgment.

On July 11, 2008, the trial court entered an order of default based on wife's failure to appear;[6] the court also found that husband's affidavit of residency presented a "facially valid statement establishing jurisdiction in this court." On the same date—July 11, 2008—the court entered a general dissolution judgment by default, finding as fact that, "[f]or a continuous period of six months immediately prior to the filing of the petition for dissolution[, wife] was a resident of the State of Oregon" and that the court thus had jurisdiction over the parties and the marriage. Among other things, the dissolution judgment awarded husband the parties' real property in Alaska (subject to encumbrances), gave wife custody of the parties' two then-minor children, and awarded wife child support for those children.

On September 29, 2008, wife attempted to set the dissolution judgment aside on the grounds that (1) the Oregon court lacked jurisdiction "based on the fact that neither Party to this case presently reside, or have in fact ever claimed, to be residents of Oregon"; (2) husband's affidavit asserting otherwise was false; and (3) the form of judgment submitted for the court's signature was substantively different from the petition for dissolution originally submitted to the court. The court rejected wife's motion due to procedural deficiencies—specifically, that she had failed to serve husband and comply with other court rules.

On February 10, 2010, wife, now represented by counsel, moved to vacate the default dissolution judgment under ORCP 71 B(1)(d) on the ground that "the judgment is void for lack of subject matter jurisdiction." After

[6] The court found that wife had consistently refused to comply with court rules concerning her name and address, despite having been given information about how to appear and how to protect her address from disclosure.

further briefing by the parties, including a supplemental memorandum submitted by husband in which he raised the issue of claim preclusion, and hearings on the matter, the trial court ruled that wife's motion was not barred by claim preclusion and, ultimately, on August 16, 2010, granted wife's motion and entered an order vacating the dissolution judgment and dismissing the case. The court concluded that husband had not established that wife continuously resided or was domiciled in Oregon[7] for the six-month period before husband filed the dissolution petition in August 2007, as required by ORS 107.075(2), and, therefore, "[t]he judgment was entered without subject matter jurisdiction and accordingly is void and is vacated pursuant to ORCP 71 B(1)(d)."

Husband appealed the order vacating the general judgment and dismissing the case, and it is that appeal that is before us. However, before oral argument was held on the appeal, wife moved to supplement the record with information that, on April 19, 2011, approximately eight months after the trial court had vacated the Oregon dissolution judgment, wife had filed a "complaint for divorce" from husband in the Superior Court for the State of Alaska Third Judicial District at Kenai (the Alaska case). After oral argument, wife again moved to supplement the record with additional information about the Alaska case—specifically that the Alaska court had ordered the dissolution of the parties' marriage and a division of their assets. We granted wife's motions—treating them as motions to take judicial notice of the proffered information—and directed the parties to file memoranda addressing, *inter alia*, the legal significance of the Alaska case on this appeal.

In those memoranda, the parties provided the following additional, undisputed facts. In the Alaska court, husband raised the defenses of "res judicata and/or estoppel and/or lack of subject matter jurisdiction" based

---

[7] The trial court found that wife resided outside of Oregon from November or December 2006 until June or July 2007; as to domicile, the court found that wife did not have an intent to make Oregon her domicile during the relevant time period and there were also no "objective indicia" of her intent to change her domicile to Oregon during that time. The court reasoned that it did not need to resolve whether wife had evidenced an intent to change her domicile from Alaska to another state (such as Texas) during the first half of 2007 because, in any event, "it did not change to Oregon and remain in Oregon as of August 3, 2007."

on the Oregon proceedings; he also moved to dismiss the complaint or, alternatively, to stay the Alaska case "pending [the] outcome of the Oregon appeal." The Alaska court denied husband's motions, concluding that *res judicata* was inapplicable because the Oregon dissolution judgment had been declared void and, therefore, the case had not been adjudicated on the merits; it also concluded that husband had failed to allege sufficient grounds for a stay.

At the conclusion of the trial in the Alaska case, which took place on June 20 and August 28, 2012, the Alaska court entered a divorce judgment, dated August 31, 2012, dissolving the parties' marriage and ordering a division of property. The court concluded that it had subject-matter and personal jurisdiction of the parties and the property division, based on its finding that husband is a "resident and inhabitant" of Alaska and has lived in the state for "several years." Among other things, the court awarded each party the personal marital property and vehicles in the party's possession and divided the equity in the marital home ($69,341) equally.

Neither party asserts that the proceedings in the Alaska case render this appeal moot. We agree with that conclusion. *See Cyrus v. Board of County Commissioners*, 226 Or App 1, 5, 202 P3d 274 (2009) ("This court has an independent obligation to determine whether a case is 'justiciable,' *Oregon Medical Association v. Rawls*, 281 Or 293, 296, 574 P2d 1103 (1978), and mootness is part of that inquiry."). "That obligation obtains even when a case becomes moot during litigation[.]" *Reid v. DCBS*, 235 Or App 397, 400, 232 P3d 994 (2010) (citing *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004)).

A case is not moot when the interests of the parties are adverse and "the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). Here, there is no dispute that the parties' rights are adverse. Moreover, if we were to determine— as husband urges us to do—that the trial court erred in vacating the default dissolution judgment entered in Oregon, that decision would have the effect of reinstating

the Oregon judgment, which will have *antedated* the Alaska judgment, implicating principles of comity under the Full Faith and Credit Clause of the United States Constitution.[8] The Oregon judgment differs from the Alaska judgment in several respects, including—not insignificantly—the division of the parties' real property. Thus, our decision has the potential of altering the rights of the parties and, for that reason, the appeal is not moot.

Turning to the merits, husband argues that wife's motion to vacate the default judgment under ORCP 71 B(1)(d) for lack of jurisdiction was barred by claim preclusion and the trial court should have rejected it on that basis. He contends that the rule of claim preclusion articulated by the Supreme Court in *Bloomfield v. Weakland*, 339 Or 504, 123 P3d 275 (2005), "applies to all claims, even the claim that a court lacked subject matter jurisdiction," citing *Lincoln Loan Co. v. City of Portland*, 340 Or 613, 136 P3d 1 (2006), *cert den*, 549 US 1208 (2007), for the latter proposition. Wife responds that claim preclusion is inapplicable in this context, because, although "a default judgment can preclude relitigation of a question of subject matter jurisdiction in a *subsequent* action before a *different* tribunal, * * * claim preclusion does not apply to the same claim raised in the same proceeding before the same tribunal." (Emphasis in original.) We agree with wife.

"We review the trial court's conclusions with respect to preclusion for errors of law." *OEA v. Oregon Taxpayers United*, 253 Or App 288, 299, 291 P3d 202 (2012). In *Bloomfield*, the Supreme Court explained the doctrine of claim preclusion:

> "The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent. As this court stated in *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982),

---

[8] Those principles would, perhaps, also inform our decision whether to issue a decision that would result in the existence of inconsistent judgments issued by courts in different states. However, because we ultimately affirm the trial court, we need not address that question. We hold here only that the appeal is not moot, because it is possible that our decision would have a practical effect on the rights of the parties.

> "'a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting *another action* against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.'"

339 Or at 510-11 (emphasis added); *see also id.* at 511 ("This court also has held that a person who was not a party to an earlier action but who was in 'privity' with a party to that earlier action can also be barred on claim preclusion grounds from bringing a second action."). Thus, it is evident that claim preclusion operates to bar a party, if certain requirements are satisfied, from relitigating, *in a separate action*, a claim that was or could have been brought in the prior action. *See also Lincoln Loan Co.*, 340 Or at 621 ("[T]he doctrine of claim preclusion generally bars a party from challenging in a separate proceeding issues that were or could have been determined in a prior, litigated action between the same parties.").

Husband posits that this case is "precisely" like the situation described in *Bloomfield*, that is, in his view:

> "(a) a claim by a party (*i.e.*, the claim that there was no jurisdiction); (b) a full opportunity, in the original proceeding, to present that claim; and (c) a judgment that has now been collaterally attacked by way of a claim that was or could have been presented in the original proceeding."

(Footnote omitted.)[9] However, what husband fails to grapple with is the fact that, here, wife did not attempt to collaterally

---

[9] Husband mistakenly equates an argument with a claim for purposes of claim preclusion, but that does not affect our analysis. The claim at issue in this case is husband's claim for dissolution of the parties' marriage, on which the court initially awarded relief after concluding that it had subject-matter jurisdiction to adjudicate the claim. Claim preclusion could apply to foreclose the relitigation of the dissolution claim *in a subsequent case* on any ground that the parties could have litigated in the original case, including that the court lacked subject-matter jurisdiction over the claim. *See Lincoln Loan Co.*, 340 Or at 619-20 ("Well-settled principles of claim preclusion 'foreclose[ ] a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief *that the party could have litigated* in the first instance.'") (quoting *Bloomfield*, 339 Or at 511; emphasis in *Lincoln Loan Co.*).

attack the court's judgment in a separate proceeding; rather, she moved, under ORCP 71 B(1)(d)—in the very case—for the court to set its judgment aside. *Bloomfield*, by contrast, involved clearly separate proceedings; indeed, the "precise" issue was whether litigation in 1994 that had resulted in a final judgment for the plaintiff, Craft, precluded the plaintiffs in *Bloomfield* (which included Craft) from bringing a new complaint in 2000 against the same defendant. The defendant moved for summary judgment based on her contention that all the plaintiffs in the 2000 case were barred by claim preclusion from prosecuting an action against her. 339 Or at 510. The Supreme Court ultimately held that the claims of the plaintiffs in the 2000 case were not the same as the claim that Craft had asserted in 1994 and, consequently, claim preclusion was not a bar to the later litigation. *Id.* at 514. Thus, there is no suggestion in *Bloomfield* that, as husband contends, the doctrine of claim preclusion operates within the context of a single action.

Similarly, although husband is correct that claim preclusion can apply to the issue of subject matter jurisdiction, *Lincoln Loan Co.*, 340 Or at 621 (so stating, subject to limited exceptions), that is of no consequence where, as here, the doctrine is inapposite in the first place. In *Lincoln Loan Co.*, the issue was whether the plaintiff could maintain a declaratory judgment action seeking to set aside a final appellate judgment that had issued in a prior action on the ground that the "Court of Appeals 'does not lawfully exist.'" *Id.* at 615. The Supreme Court held that claim preclusion barred the latter action. Applying *Bloomfield*, the court reasoned that the plaintiff had "'prosecuted one action against a defendant through to a final judgment binding on the parties' and plaintiff now is 'prosecuting another action against the same defendant where the claim *** is one which is based on the same factual transaction that was at issue in the first ***.'" *Id.* at 619 (quoting *Bloomfield*, 339 Or at 510-11; in *Lincoln Loan Co.*). The court then went on to address the plaintiff's argument that claim preclusion did not apply because subject-matter jurisdiction was at issue, that is, whether the court had had subject-matter jurisdiction to enter the earlier judgment, an argument the court ultimately rejected. *Id.* at 630. It follows

that *Lincoln Loan,* like *Bloomfield,* provides no support for husband's position that claim preclusion bars a ORCP 71 B(1)(d) motion advanced in the very action that produced the judgment that is asserted to be preclusive.

Our recent decision in *Oregon Taxpayers United* is consistent with the rule that, although "[t]he doctrines of claim preclusion, issue preclusion, and law of the case have the shared purposes of preventing harassment by successive proceedings, preventing inconsistent adjudications, and promoting economy of resources in the adjudicative process," 253 Or App at 300, claim preclusion is the pertinent doctrine when the question of "relitigation" arises in the context of separate actions. We held, for example, that claim preclusion barred the defendants in that case from challenging the constitutionality of an injunction where those challenges had been rejected in a previous action. *Id.* at 301. As we explained,

> "[i]n [the previous action], Sizemore asserted that the injunction violated his rights to due process under the Fourteenth Amendment and freedom of speech under the Oregon and United States constitutions. The trial court concluded that those claims lacked merit and dismissed the case on summary judgment. Sizemore did not appeal. *Under the doctrine of claim preclusion, no party to that action (or a person or entity in privity with a party) may subsequently litigate a claim that is encompassed within that adjudication.*"

*Id.* at 300 (citing *Drews v. EBI Companies,* 310 Or 134, 140-41, 795 P2d 531 (1990)) (emphasis added).

In sum, the doctrine of claim preclusion, upon which husband solely relies, is inapplicable in this context.[10] It follows that the trial court did not err in vacating the Oregon dissolution judgment and dismissing the case.

Affirmed.

---

[10] As previously noted, 254 Or App at 171, we reject without discussion husband's argument that wife's motion fails on the merits.