Argued and submitted May 8, 2015, reversed and remanded October 19, 2016

Johnny ZYBACH,
*Plaintiff-Appellant,*
*and*

Danny ZYBACH,
*Plaintiff,*

*v.*

Debra K. PERRYMAN,
aka Debra Zybach,
*Defendant-Respondent.*

Lane County Circuit Court
161210685; A154764

383 P3d 314

George W. Kelly argued the cause and filed the briefs for appellant.

Robert A. Ford argued the cause for respondent. With him on the brief was Kurtz, Ford & Johnson LLP.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**EGAN, J.**

Plaintiff appeals from a judgment dismissing his action for intentional interference with prospective economic relations, unjust enrichment, and constructive trust against defendant. The trial court granted summary judgment to defendant on plaintiff's claims, concluding that they were barred by issue and claim preclusion. On appeal, plaintiff contends that neither issue nor claim preclusion applies because the initial proceeding on which preclusion was based addressed different claims and issues and involved different parties and attorneys from the second proceeding. For the reasons discussed below, we conclude that neither issue nor claim preclusion bars plaintiff's complaint. Accordingly, we reverse the grant of summary judgment to defendant and remand for further proceedings.

Mary Wechter had three adult children—Johnny Zybach (plaintiff), Danny Zybach, and Debra Perryman (defendant). On June 27, 2011, Wechter and her husband signed a deed to their Springfield, Oregon, residence, naming defendant as grantee. Wechter and her husband also named defendant as joint owner or otherwise gave defendant access to their bank accounts, certificate of deposits, stocks and bonds, and other like personal property. They also transferred the title to their vehicles to defendant. Wechter's husband died in September 2011. On October 3, 2011, Wechter signed a will leaving all of her assets to defendant, except $1.00 each to four other individuals—plaintiff, Danny Zybach, and two stepchildren. Wechter died on January 24, 2012.

After his mother's death, plaintiff contacted attorney Randall Bryson because plaintiff believed that he had been wrongfully omitted from his mother's estate. Plaintiff suggested to Bryson that Howard Cowan should be appointed personal representative for Wechter's estate because Cowan was a "family friend" who was "honorable" and a "good person." Cowan then filed with the probate court a petition for a limited judgment to appoint himself as personal representative and to set aside the decedent's will as the product of undue influence by defendant (the initial proceeding). Plaintiff signed a declaration in support of Cowan's petition.

Plaintiff testified that he gave Bryson money for the filing fee for the Cowan petition, but that he did not pay Bryson for his services. In response to Cowan's petition, defendant filed a counter-petition for a limited judgment appointing herself as personal representative to probate Wechter's will.

Before trial in the initial proceeding, plaintiff gave Bryson the "factual history" and "had an opportunity to consult with * * * Bryson prior to trial regarding evidence that he thought might need to be raised." Bryson and attorney Tina Stupasky were both present at the probate trial. The probate court (Judge Holland) heard testimony and received exhibits into evidence on Cowan's and defendant's petitions. Plaintiff remained outside of the courtroom, other than during his testimony.

On October 11, 2012, the probate court issued a letter opinion on the probate of Wechter's will. The probate court noted that Cowan had alleged that defendant had "exercised undue influence over [Wechter] in the disposition of her estate under her final will, as well as with *inter vivos* transfers." The probate court then analyzed the facts of the case under *In re Reddaway's Eatate*, 214 Or 410, 329 P2d 886 (1958), which sets out the analysis applicable to claims of undue influence. Under that analysis, the probate court found that there was no undue influence arising from the conduct of defendant and that Wechter's October 3, 2011, will was valid and appropriately admitted to probate. As relevant to this appeal, the probate court stated:

> "[T]he court has concluded that [defendant] had a *confidential relationship with [Wechter]* and that there are *several potentially suspicious circumstances* regarding the making of the final will. The next step of the analysis is whether there is evidence in the record to overcome the adverse inference of undue influence. * * * There is no credible evidence that the changes were as a result of [defendant's] influence. On this record, the court finds that the adverse inference has been overcome. The court *does not find undue influence and will grant a limited judgment to [defendant]* to be [the] personal representative of [Wechter's] estate and admit the will to probate."

(Emphases added.)

Two months later, plaintiff and Danny Zybach filed their first amended complaint against defendant alleging three claims: (1) a claim for damages for intentional interference with inheritance or economic relations; (2) a claim for damages for unjust enrichment; and (3) a claim for imposition of constructive trust (the second proceeding). In plaintiff's claim for intentional interference with inheritance or economic relations, he alleged that, "[a]t all times material, Mary Wechter intended that her assets upon her death be distributed to her three children in equal shares." Plaintiff further alleged that Wecther's will "was the result of defendant intentionally interfering with the relationship between plaintiff[] and [his] mother, and was the result of defendant intentionally interfering with Mary and Bruce Wechter's intent to have their assets distributed equally to Mary Wechter's children upon her death." Paragraph 9 of plaintiff's complaint also alleged:

> "The above interference by defendant with the relationship between plaintiffs, plaintiff Johnny Zybach's fiancé/girlfriend and Mary Wechter, and *the above interference with Mary and Bruce Wechter's intent to have their assets which were transferred into defendant's name distributed equally to Mary Wechter's children upon both of their deaths* were accomplished by defendant using improper means to have plaintiffs removed from being beneficiaries of their estate and assets[.]"

(Emphasis added.) Plaintiff incorporated each of those allegations relating to Wechter's intent to have her assets distributed equally to each of her children in his claims for unjust enrichment and constructive trust. Plaintiff's complaint was not limited to assets in Wechter's will, but also included the nonprobated assets that Wechter had transferred to defendant, including the Springfield, Oregon residence, bank accounts, certificate of deposits, stocks and bonds, other like personal property, and vehicles.

The complaint was filed by Stupasky, who was plaintiff's attorney at the time. Stupasky later moved to withdraw as plaintiff's attorney and that motion was granted on February 14, 2013. Plaintiff tried to find another attorney, but was unsuccessful, so he chose to represent himself. While plaintiff was unrepresented, defendant filed a motion

for judgment on the pleadings, claiming that plaintiff's complaint was barred by issue and claim preclusion.

At the hearing on defendant's motion for judgment on the pleadings, defendant's counsel requested that the trial court treat her motion as a motion for summary judgment. The trial court granted that request. Defendant called plaintiff as a witness and, among other things, plaintiff testified about his relationship with Bryson:

> "[DEFENSE COUNSEL]: What I'm trying to understand, [plaintiff], is—is whether you agree that essentially Mr. Bryson was hired by you to help you with your legal problem that resulted in the hearing with Judge Holland?
>
> "[PLAINTIFF]: I don't—he—he really wasn't hired from me. I paid him money to file to the court until I could at one time or another later get an attorney or find somebody to help me."

However, in a deposition before that hearing, plaintiff had admitted that Bryson was his lawyer "[a]t the beginning." And when defendant's counsel asked questions about the conversations plaintiff had with Bryson, plaintiff's attorney Stupasky objected on the basis of attorney-client privilege.

The trial court ultimately concluded that plaintiff's complaint was barred by issue and claim preclusion. First, the trial court concluded that the probate proceeding was the "kind that this Court will give preclusive effect to." Second, the trial court found that there was "sufficient privity between [plaintiff] and Howard Cowan in order for preclusive effect to apply." Third, the trial court found that "these issues were actually litigated and were essential to the decision that [the probate court] made." The trial court explained:

> "Whether the part[y] sought to be precluded has had a full and fair opportunity to be heard on those issues, there was nothing in the probate matter that would have prevented Mr. Cowan and [plaintiff] from raising the issue, which is key. *In fact, I think that issue was raised, which is a key issue in this case, was whether or not [Wechter] intended that her assets be distributed equally to her three children.*"

(Emphasis added.) Based on those conclusions, the trial court granted summary judgment to defendant on plaintiff's

claims of issue and claim preclusion.[1] The trial court issued a general judgment dismissing plaintiff's claims with prejudice.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because neither issue nor claim preclusion applies. Plaintiff argues that, "[a]lthough both proceedings involved the issue of defendant having unduly influenced the writing of the will, the second proceeding had additional issues." Defendant responds that the trial court properly granted defendant's motion for summary judgment "due to the application of the doctrines of issue preclusion and claim preclusion."[2] For the reasons that follow, we conclude that the trial court erred and reverse and remand the judgment for defendant.

Because this is an appeal from a grant of summary judgment to defendant, we consider the evidence in the light most favorable to plaintiff and will affirm only if we determine that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. *Holdner v. Oregon Trout, Inc.*, 173 Or App 344, 350, 22 P3d 244 (2001) (citing *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997)).

We begin with an overview of the doctrine of issue preclusion. "The doctrine of issue preclusion operates to prevent the relitigation of issues that have been fully litigated in a prior proceeding between the same parties." *Johnson & Lechman-Su, P.C. v. Sternberg*, 272 Or App 243, 246, 355 P3d 187 (2015).

"If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:

"1.  The issue in the two proceedings is identical.

"2.  The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

---

[1] Danny Zybach was not present at that hearing, therefore the trial court dismissed his claims.

[2] We reject without discussion defendant's arguments based on preservation and ORCP 47 C.

"3.   The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.   The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.   The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (internal quotation marks omitted). "The party asserting issue preclusion bears the burden of proof on the first, second, and fourth requirements, whereupon the burden shifts to the party against whom preclusion is asserted to show that the third and fifth requirements are not met." *Thomas v. U. S. Bank National Association*, 244 Or App 457, 469, 260 P3d 711, *rev den*, 351 Or 401 (2011).

The parties recognize that the key issue in the second proceeding was whether Wechter intended that her assets would be distributed equally to her three children regardless of the admission of her will in probate. In the second proceeding, plaintiff alleged that defendant had intentionally interfered with plaintiff's inheritance, unjustly enriched herself, and failed to keep her promise to hold Wechter's property in trust so that defendant, plaintiff, and Danny Zybach would each receive a one-third interest (constructive trust). Specifically, plaintiff alleged in each of his claims that "Wechter intended that her assets upon her death be distributed to her three children in equal shares." The parties, however, disagree about whether that issue was actually litigated in the initial proceeding such that it precludes plaintiff's claims in the second proceeding. The trial court concluded that that issue was actually litigated in the first proceeding. We disagree.

The initial proceeding in probate court addressed Cowan's amended petition to set aside Wechter's will and appoint Cowan as personal representative, based on a claim of undue influence. The trial court took evidence and determined that Wechter's will was not the product of defendant's undue influence and denied Cowan's amended petition. To determine whether Wechter's will was the product of undue influence, the probate court analyzed the facts under the *Reddaway* analysis for undue influence. Under that analysis,

the probate court concluded that (1) defendant had a confidential relationship with Wechter, (2) there are several potentially suspicious circumstances surrounding Wechter's making of her final will, and (3) there was evidence in the record to overcome the adverse inference of undue influence. To determine whether there was evidence in the record to overcome the adverse inference of undue influence, the probate court considered several factors that *could* support a finding that Wechter *intended* that her assets go to defendant. However, the probate court did not make a finding about Wechter's intent, nor was Wechter's intent essential to the court's determination whether Wechter's will was the product of undue influence in the first proceeding.

Thus, the issue regarding Wechter's intent was not actually litigated in the first proceeding and was not essential to a final decision on the merits in the first proceeding. As a result, the trial court erred in granting summary judgment to defendant when it concluded that plaintiff's claims were barred by issue preclusion.

We turn next to the trial court's application of claim preclusion to plaintiff's claims. The doctrine of claim preclusion applies when

"a plaintiff who has prosecuted one action against a defendant through to a final judgment *** is barred [*i.e.*, precluded] *** from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

*Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (internal quotation marks omitted). "[A] person who was not a party to an earlier action but who was in 'privity' with a party to that earlier action also can be barred on claim preclusion grounds from bringing a second action." *Bloomfield v. Weakland*, 339 Or 504, 511, 123 P3d 275 (2005). Privity

"is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include the other within the [bar of claim preclusion]. And that relationship is close enough for purposes of

> preventing the third party from pursuing claims in a second trial only when it is realistic to say that the third party was fully protected in the first trial."

*Id.* (internal quotation marks omitted).

The parties dispute whether plaintiff was in privity with Cowan in the initial proceeding. Viewing the record in the light most favorable to plaintiff, as we must, we conclude that there remains genuine issues of disputed fact whether plaintiff controlled the initial proceeding or whether his interests were fully represented and protected such that he was in privity with Cowan. Plaintiff testified that Bryson "wasn't hired from me. I paid him money to file to the [probate] court until I could at one time or another later get an attorney or find somebody to help me." However, plaintiff had also admitted in a deposition before that hearing that Bryson was his lawyer "[a]t the beginning" and when defendant's counsel asked questions about the conversations plaintiff had with Bryson, plaintiff's attorney Stupasky objected on the basis of attorney-client privilege. Because we conclude that whether plaintiff is in privity is dependent on disputed issues of fact, the trial court erred when it granted summary judgment based on claim preclusion.

In sum, the trial court erred when it granted summary judgment to defendant based on issue and claim preclusion. Therefore, we reverse the grant of summary judgment to defendant and remand for further proceedings.

Reversed and remanded.